UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLO FERNANDES, PHYSICIAN AT KVSP, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00404-HBK (PC)<br><br>ORDER DENYING MOTION TO EXCEED TWENTY-FIVE PAGE LIMIT<br><br>ORDER DENYING MOTION FOR SUBPOENA<br><br>(Doc. Nos. 2, 3)<br><br>SCREENING ORDER FINDING COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT, STAND ON COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1]<br><br>(Doc. No. 1)<br><br>MAY 28, 2025 DEADLINE |

　　　　Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Michael Thomas—a former prisoner of the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

California Department of Corrections and Rehabilitation ("CDCR").[2] (Doc. No. 1, "Complaint").  Plaintiff accompanied his Complaint with a motion for leave to exceed the twenty-five-page limitation (Doc. No. 2) and motion for subpoena of identifies of the "Smart" defendants (Doc. No. 3).  For the reasons set forth below, the Court denies the motions and finds that the Complaint does not comply with Federal Rule of Civil Procedure 8.  The Court affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending that the district court dismiss this action.

## SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ.

---

[2] Plaintiff is currently detained at the Minnehaha County Jail in Sioux Falls, South Dakota.  (Doc. No. 1 at 1).  The events giving rise to the Complaint predominantly occurred while Plaintiff was housed at CDCR's Kern Valley State Prison facility.  (*Id.*).

1  P. 10(c). Because the exhibits are attached and incorporated in the Complaint, the Court may
2  consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*,
3  250 F.3d 668, 688 (9th Cir. 2001) (noting at 12(b)(6) stage material properly submitted as part of
4  the complaint may be considered without converting the motion to dismiss to a motion for
5  summary judgment). While the Court accepts the factual allegations in the Complaint as true, it
6  need not accept as true allegations that contradict matters properly subject to judicial notice or by
7  exhibit. *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v.*
8  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275
9  F.3d 1187 (9th Cir. 2001).

10  The Federal Rules of Civil Procedure require only that a complaint include "a short and
11  plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
12  Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient
13  factual detail to allow the court to reasonably infer that each named defendant is liable for the
14  misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,
15  572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
16  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
17  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not
18  required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19  statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
20  to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
21  2009) (internal quotation marks and citation omitted).

22  If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant
23  is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v.*
24  *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
25  245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how
26  to cure the defects. Such advice "would undermine district judges' role as impartial
27  decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
28  n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

3

1  faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by
2  amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892
3  (9th Cir. 2010).

**MOTIONS**

Plaintiff accompanied his Complaint with a motion seeking leave to exceed the Court's 25-page limit, stating that good cause exists due to the case's complexity and the need for detailed factual support to establish his deliberate indifference claims and avoid conclusory allegations, citing to a dismissal of another case: *Thomas v. Ulit*, No. 1:24-cv-00509 (E.D. Cal. Feb. 11, 2025) (dismissed for failure to state a claim) (Doc. No. 6).  (Doc. No. 2).  Plaintiff also contends that he "tried . . . but failed" to meet the 25-page limit requirement and that his disability significantly impacts his ability to write, citing to *Ulit* where the Court granted his motion for an extension of time to file his amended complaint: *Thomas v. Ulit*, No. 1:24-cv-00509 (E.D. Cal. Mar. 12, 2025) (granting motion for extension of time "due to medical complications related to his back and elbow and pain resulting therefrom.") (Doc. No. 8).  (*Id.*).

However, Plaintiff's motion does not explain why he must file an extra 48 pages beyond the 25-page limit to present his claims.  The Court finds that Plaintiff's medical deliberate indifference claims concerning his medical treatment do not present novel or complex legal theories.  Although the Court is sympathetic to the pain Plaintiff may experience when drafting this pleading, this alone does not excuse compliance with the Federal Rules of Civil Procedure.  If Plaintiff needs additional time to draft an amended complaint that comports to Rule 8, or any other other pleading he may submit during litigation due to his condition, he may request an extension of time when necessary. Accordingly, Plaintiff's motion for leave to exceed the 25-page limit is denied without prejudice.

Plaintiff also filed a motion requesting the Court subpoena the identities of "SMART" Defendants and issue an order effecting service on all Defendants.  (Doc. No. 3).  To the extent Plaintiff seeks to initiate discovery and serve any Defendants, such requests are premature at this stage of the proceeding. *See Budd v. Flemming*, 2023 WL 4054658, at *1 (E.D. Cal. June 16, 2023) ("Plaintiff's [discovery] requests are premature . . . [because] [t]he Court has not screened

4

1  Plaintiff's complaint to determine whether it is subject to dismissal or whether the action should
2  proceed to discovery on Plaintiff's claims." (citing 28 U.S.C. § 1915(e)(2)(B)(ii))); *see also Bazzo*
3  *v. Gates*, 2022 WL 2333699, at *2 (E.D. Cal. June 28, 2022) ("Plaintiff's complaint has not yet
4  been screened; hence, service of a summons and complaint is premature." (citing 28 U.S.C. §
5  1915A)); *Somoza v. Dir. of California Dep't of Corr. & Rehab.*, 2022 WL 2359679, at *1 (E.D.
6  Cal. June 30, 2022) ("Plaintiff's first amended complaint must be screened and found to state
7  cognizable claims prior to service on any defendant." (citing 28 U.S.C. § 1915A)).  Accordingly,
8  Plaintiff's Motion for Court to Subpoena Identities of "SMART" Defendants; Motion for Court to
9  Order Effect of Service Upon All Defendants is denied without prejudice.
10       The Court turns to screening the operative complaint.

## SUMMARY OF THE COMPLAINT

Plaintiff Michael Thomas brings this action under 42 U.S.C. § 1983, alleging that prison medical staff and officials at CDCR acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  (Doc. No. 1).  The Complaint consists of approximately 73 handwritten pages on loose leaf-paper, with no exhibits, and lists the following defendants in both their individual and official capacities: (1) Carlo Fernandes, Physician; (2) Vishal Manhas, Physician's Assistant; (3) Jennifer Palomino, Nurse; (4) Stephen Tseng, Physician and Surgeon; and (5) Does 1-30, Members of "SMART" Committee. (Doc. No. 1 at 1-2).  The Complaint contains a large amount of extraneous detail, including handwritten summaries of medical records dating back to 2000.  (*See id* at 3-60).  Many of the handwritten summaries are tightly compressed between the single-rule lines of the loose-leaf paper, stacking two lines of text into each ruled space. This technique of compressing two separate lines of text into the space typically reserved for one, reduces the overall length of the document.

Plaintiff, who suffers from multiple spinal conditions, including herniated lumbar and cervical discs, spinal stenosis, and nerve impingement, asserts that despite documented medical records confirming the severity of his condition, prison medical officials systematically denied him necessary treatment, including surgical intervention that was repeatedly recommended by independent neurosurgeons.  (*See generally id.*).  Plaintiff alleges that Defendants misrepresented

5

medical findings, falsified records, and refused to authorize surgery, exacerbating his pain and disability. (*See generally id.*). As relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at 71).

## APPLICABLE LAW AND ANALYSIS

### Rule 8

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To ensure compliance with Rule 8, courts in the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674. Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information).

Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret*

*Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's Complaint fails to comply with Rule 8 due to its failure to state short and plain statements. As noted above, the Complaint is 73 pages in length and contains a large amount of excessive detail, including numerous handwritten recreations of medical records. (S*ee id*. at 3-60). Many of the handwritten medical records are tightly compressed between single-ruled lines on the loose-leaf paper, stacking two lines of text within each ruled space. Without this compression technique, the Complaint would be considerably longer. Because this is the pleading stage, Plaintiff does not need to submit any evidence to support his claims yet, let alone recreated summaries and quotations of dozens of medical records.

As noted *supra*, a district court has discretion to dismiss a complaint due to its failure to comply with Rule 8. Because Plaintiff's Complaint is far in excess of the 25-page limit generally imposed on complaints in the Eastern District of California and contains excessive and extraneous facts, it violates Rule 8. Rather than spend an inordinate amount of time trying to evaluate what, if any claims are stated in Plaintiff's voluminous filing, the Court will permit Plaintiff an opportunity to file an amended complaint.

The amended complaint **cannot exceed twenty-five pages** and cannot refer back or incorporate by reference any earlier complaint. It must comply with the federal rules, which contemplate brevity. Plaintiff shall set forth his facts in numbered paragraphs that are short and written in plain terms, simply, concisely and directly. It should state who is being sued, on what theory, include a brief set of facts giving rise to the claim (i.e. who did what on what date) and state what relief Plaintiff is seeking. In identifying defendants, Plaintiff should only name those individuals who personally participated in a substantial way in depriving Plaintiff of a federal

constitutional right.

To the extent that the current Complaint lists Defendants who may hold supervisory positions, Plaintiff is advised that there is no "supervisory" liability under § 1983. *Iqbal*, 556 U.S. at 676. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*)*; *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Further, to the extent Plaintiff seeks monetary damages against the State of California or its agencies, or any of the defendants in their official capacity, such claims are barred by the Eleventh Amendment. U.S. Const., Amend. XI; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Eleventh Amendment does not, however, bar suits against state officials in their individual capacities, or for declaratory or injunctive relief in their official capacities. *Monell v. New York Dep't of Social Services*, 436 U.S. 685, 690 n. 54 (1978).

Finally, Plaintiff is advised that claims are subject to a statute of limitations. For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than

for life" when the cause of action accrues. This limitations period is tolled while an inmate exhausts administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020).

If a complaint is untimely, it may still proceed if subject to equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999). For equitable tolling to apply, plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted).

**OPTIONS**

To continue the prosecution of this action, Plaintiff must take one of the following three options no later than May 28, 2025.

**First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "First Amended Complaint." For each cause of action and each defendant, Plaintiff must allege facts sufficient to show that the defendant violated his civil rights. Plaintiff may not amend the complaint to add unrelated claims.

**Second Option**: Plaintiff may file a "Notice to Stand" on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. If the Court dismisses this case finding that the complaint fails to state claim, the dismissal will count as a strike under the PLRA.[3]

---

[3] Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. Further, a dismissal for failure to state a claim counts as a strike even if the prisoner paid the filing fee. *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

**Third Option**: Because no defendant has yet been served, Plaintiff may file a "Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)" which would preclude this action as counting a strike under the PLRA.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.* fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Exceed This Court's 25-Page Limit (Doc. No. 2) is DENIED without prejudice.

2. Plaintiff's Motion for Court to Subpoena Identities of "SMART" Defendants; Motion for Court to Order Effect of Service Upon All Defendants (Doc. No. 3) is DENIED without prejudice.

3. No later than May 28, 2025, Plaintiff must elect one of the three aforementioned options and deliver to correctional officials for mailing: (a) a First Amended Complaint; (b); a "Notice to Stand on Complaint" as screened subject to the undersigned recommending the district court to dismiss this complaint for the reasons stated in this Order; or (c) a "Notice to Voluntarily Dismiss Action" without prejudice under Fed. R. Civ. P. 41 to avoid a strike.

4. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

5. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated: __April 22, 2025__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

10