1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL THOMAS,                          Case No.  1:25-cv-00404-HBK

12                  Plaintiff,                 ORDER GRANTING AMENDMENT OF
                                               COMPLAINT TO SUBSTITUTE JOHN DOE
13           v.                                DEFENDANTS AND DIRECTING CLERK
                                               TO CORRECT CAPTION OF CASE
14   *CARLO FERNANDES, PHYSICIAN, et
     al.*,                                     (Doc. No.  22)
15
                     Defendants.
16

17          Plaintiff Michael Thomas, a *pro se* prisoner, initiated this action by filing a civil rights

18   complaint under 42 U.S.C. §1983.  Plaintiff is proceeding on his First Amended Complaint

19   ("FAC").  (Doc. No. 7).  On June 11, 2025, the Court ordered Plaintiff to provide written notice

20   identifying John Does 1-30 within one-hundred and twenty days for the Court to effect service of

21   process.  (Doc. No. 10 at 5-6).  Plaintiff timely filed "Motion to substitute herein named

22   individuals in place of John Does 1-30, California Department of Corrections and Rehabilitation

23   ("CDCR") "SMART" Committee members, in compliance with this Court's July 11 Order.

24   (Doc. No. 22, "Motion").  Plaintiff identifies the Doe defendants as M. Arca, E. Conanan, F.

25   Igbinosa, E. dos Santos-Chen, P. Tafoya, B. Stepke, A. Ola, J. Bal, M. and Boparai, all members

26   CDCR "SMART" Committee.  (*Id.* at 2).

27          Federal Rule of Civil Procedure 15(c), **Relation Back of Amendments**, provides:

28          (1) **When an Amendment Relates Back**.  An amendment to the

1    pleading relates back to the date of the original pleading when:

2    (C) the amendment changes the party or the naming of the party
     against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and
3    if, within the period provided by Rule 4(m) for serving the summons
     and complaint, the party to be brought in by amendment:

4
          (i) received such notice of the action that it will not be
5         prejudiced in defending on the merits; and

6         (ii) knew or should have known that the action would have
          been brought against it, but for mistake concerning the proper
7         party's identity.

8    *Id.* (emphasis in original).

9        Although Plaintiff did not submit a proposed Second Amended Complaint identifying the

10   defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the

11   June 15 Order did not require him to do so.  (*See* Doc. No. 10); *see also* Local Rule 220 (E.D. Ca.

12   2019)(stating in relevant part that "changed pleadings" shall refer to the amended and

13   supplemental pleadings and **unless prior approval to the contrary is obtained**, every pleading

14   to which an amendment or supplement is permitted as a matter of right or has been allowed by the

15   court order shall be typed and filed so that it is complete in itself without preference to the prior

16   or superseded pleading. . . .")(emphasis added).

17       A review of the FAC shows Plaintiff identifies "SMART" Committee members, John

18   Does 1-30, with sufficient facts regarding their involvement in the alleged deliberate indifference

19   at issue.  (Doc. No. 7 at 3, 5).  The deliberate indifference issue appears to arise out of decisions

20   and actions that the committee made together.  (*Id.* at 14-23)(alleging that members of the

21   SMART Committee repeatedly denied Plaintiff's surgical requests, relied on false medical

22   evaluations provided by Kern Valley State Prison medical personnel and failed to adequately

23   review Plaintiff's complete medical history before making their determinations). Thus, a filing a

24   Second Amended Complaint to merely substitute the names of the "SMART" Committee

25   members for the named Defendants is unnecessary.

26       Based on the foregoing, the FAC will remain the operative complaint in this action and

27   the Court will substitute John Doe Defendants 1-30 for the nine named defendants Plaintiff

28   identifies.  *See*, *Altheide v. Williams*, Case No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1

(D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).  The Court further directs the Clerk to correct the caption of the case to reflect the substitution of John Doe 1-30 for the named Defendants.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion (Doc. No. 22) seeking to amend the Complaint to substitute the Does 1-30, "SMART" Committee defendants. is GRANTED and M. Arca, E. Conanan, F. Igbinosa, E. dos Santos-Chen, P. Tafoya, B. Stepke, A. Ola, J. Bal, and M. Boparai shall be substituted for John Doe Defendants.

2.  The Clerk shall correct the caption to add the names of these substituted Defendants.


Dated:    September 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE