UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLO FERNANDES, et al,<br><br>        Defendant. | Case No. 1:25-cv-00404-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY CASE AND DIRECTING STAY OF CASE PENDING FURTHER ORDER BY THE COURT<br><br>(Doc. No. 31) |

Pending before the Court is Plaintiff's motion to stay filed October 6, 2025. (Doc. No. 31. "Motion"). Plaintiff, who is proceeding on a civil rights complaint filed under 42 U.S.C. §1983 in connection with his confinement in the California Department of Correction and Rehabilitation, was recently convicted on federal charges and requests the Court to stay this action until he reaches the federal penitentiary assigned as his permanent facility. (*Id.*). Plaintiff explains that during his transit between the county jail and a series of multiple federal transit facilities, he will not have access to his legal materials to effectively litigate this action. (*Id.* at 2-3). Plaintiff agrees to promptly notify the Court of any change of address with each transfer and will be prepared to litigate this case once he reaches his final place of confinement, which he anticipates should take between 90 to 120 days. (*Id.*)

As of the date of this order, the time for Defendants to respond the Motion has not elapsed. *See* Local Rule 230(l) affording a party 21 days to respond to a motion filled in a

prisoner case. The Court, however, does not find a response necessary given the procedural posture of this case. Recently, the Court directed service on the substituted Defendants and granted the served Defendants an extension of time until November 14, 2025 to file a response to the operative complaint. (*See* Doc. Nos. 24, 25, 26, & 27). Thus, not all Defendants have been served and no Defendant has yet filed a response to the operative complaint.

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

The Court finds Plaintiff has established good cause to stay this action pending his transfer to his "final destination" and having possession of his legal materials. *Clinton*, 520 U.S. at 706, 708. Further, given the procedural posture of this case, Defendants will suffer no prejudice if a stay is granted. Consequently, the Court will stay this action pending further order of Court.

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Stay (Doc. No. 31) is GRANTED;
2. The Court STAYS this case pending further order by this Court.
3. Plaintiff shall file a notice of change of address after his transfer to each institution and promptly notify the Court once he arrives as his final place of incarceration and is in possession of his legal materials.
4. No later than **one hundred and twenty (120)** days from the date of service of this order, if Plaintiff has not yet arrived as his final place of incarceration, Plaintiff shall file a status report with the Court to appraise the Court of the status of his transfer.

5. No Defendant is required to file a response to the operative complaint until further order by the Court.

Dated: October 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE