# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL THOMAS,

          Plaintiff,

   v.

FERNANDES, et al.,

          Defendants.

Case No.  1:25-cv-00404-FRS (BAM) (PC)

ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND STAY OF CASE PENDING RESOLUTION OF IMMINENT TRANSFERS (ECF No. 41)

ORDER DIRECTING PLAINTIFF TO FILE STATUS REPORT REGARDING TRANSFER

**Status Report Deadline: June 12, 2026**

Plaintiff Michael Thomas ("Plaintiff") is a current South Dakota state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Fernandes, Manhas, Palomino, Tseng, and "SMART" Committee members Defendants M. Arca, E. Conanan, F. Igbinosa, E. dos-Santos-Chen, P. Tafyoa, B. Stepke, A. Ola, J. Bal, and M. Boparai in their individual capacities for medical deliberate indifference in violation of the Eighth Amendment.

On October 14, 2025, the Court granted Plaintiff's motion to stay this action, pending further order of the Court, while he awaited transfer to his "final destination" institution and to allow him to obtain possession of his legal materials.  (ECF No. 33.)  Plaintiff was directed to file a notice of change of address after his transfer to each institution and to promptly notify the Court once he arrived at his final place of incarceration and was in possession of his legal materials.

1

The Court further ordered Plaintiff to file a status report within 120 days appraising the Court of the status of his transfer if he had not yet arrived at his final place of incarceration. (*Id.*)

Currently before the Court is Plaintiff's motion to extend stay of case pending resolution of imminent transfers, filed February 9, 2026. (ECF No. 41.) Plaintiff states that he was sentenced on November 3, 2025, and is currently awaiting imminent transfer into the custody of the U.S. Marshal Service ("USMS"). South Dakota State Prison ("SDSP") officials have informed Plaintiff that he will be leaving soon, but for security reasons they can be no more specific. Plaintiff states that he will be transferred at least twice more and expects to be housed at a permanent facility within the next 60 to 90 days, barring any delays due to Plaintiff's need for medical accommodation and ADA housing. Plaintiff expects to be on one of the next planes for transfer to federal custody. Plaintiff therefore requests that the stay of his case be extended until he reaches his final destination. Plaintiff will continue to promptly notify the Court of his new address upon arrival at each new facility. Once Plaintiff reaches his final destination, he will promptly notify the Court and request that the stay be lifted. (*Id.*)

Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id.*

The Court finds Plaintiff has established good cause to continue the stay of this action pending his transfer to his "final destination" and obtaining possession of his legal materials. Further, the Court finds that Defendants will not be prejudiced by the continued stay of this

action, as not all defendants have been served and no defendant has yet filed a response to the operative complaint.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to extend stay of case, (ECF No. 41), is GRANTED;

2. The instant action remains STAYED pending further order of the Court;

3. Plaintiff shall file a notice of change of address, including any changes to his inmate identification number, after his transfer to each institution and promptly notify the Court once he arrives at his final place of incarceration and is in possession of his legal materials;

4. On or before **June 12, 2026**, if Plaintiff has not yet arrived at his final place of incarceration, Plaintiff shall file a status report with the Court to apprise the Court of the status of his transfer; and

5. No Defendant is required to file a response to the operative complaint until further order by the Court.

IT IS SO ORDERED.

Dated:   **February 11, 2026**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3