UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>               Plaintiff,<br><br>    v.<br><br>FERNANDES, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00404-FJS (PC)<br><br>ORDER DISCHARGING JUNE 18, 2026, ORDER TO SHOW CAUSE<br>(ECF No. 48)<br><br>ORDER CONSTRUING STATUS REPORT AS MOTION TO CONTINUE STAY OF CASE<br>(ECF No. 50)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE STAY OF CASE<br>(ECF No. 50)<br><br>ORDER DIRECTING PLAINTIFF TO FILE STATUS REPORT REGARDING PROPERTY<br><br><u>THIRTY (30) DAY DEADLINE</u> |

Plaintiff Michael Thomas ("Plaintiff") is a current federal prisoner and former California state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Fernandes, Manhas, Palomino, Tseng, and "SMART" Committee members Defendants M. Arca, E. Conanan, F. Igbinosa, E. dos-Santos-Chen, P. Tafyoa, B. Stepke, A. Ola, J. Bal, and M. Boparai in their individual capacities for medical deliberate indifference in violation of the Eighth Amendment.

On October 14, 2025, the court granted Plaintiff's motion to stay this action, pending further order of the court, while he awaited transfer to his "final destination" institution and to allow him to obtain possession of his legal materials. (ECF No. 33.) After reaching his final destination, Federal Correctional Institution Lompoc II ("FCI Lompoc II"), Plaintiff informed the court that he was forced to dispose of his legal materials during his transfer and requested that the stay continue until he could work with an attorney to obtain his legal materials again. (ECF No. 45.) The court granted the request and directed Plaintiff to promptly notify the court once he was in possession of his legal materials, or to file a status report regarding the status of his legal materials within thirty days. (ECF No. 45.) On June 18, 2026, the court issued an order for Plaintiff to show cause regarding his failure to file a status report. (ECF No. 48.)

On June 22, 2026, Plaintiff filed a notice of his intent to file a status report regarding his property, signed and dated June 14, 2026. (ECF No. 49.) Four days later, Plaintiff filed a status report regarding property, motion to forgive late filing of status report, and motion to continue stay of case. (ECF No. 50.) Defendants filed a non-opposition to Plaintiff's request to extend stay. (ECF No. 51.) Although Plaintiff has not had the opportunity to file a reply, the court finds further briefing is unnecessary. Plaintiff's status report is construed as a motion to extend stay and the motion is deemed submitted. Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The court should "balance the length of any stay against the strength of the justification given for it." *Id.*

In his status report, Plaintiff explains the many steps he and his attorney have taken to reunite him with his legal materials. (ECF No. 50.) Considering Plaintiff's diligence and

continuing efforts to obtain his legal materials, the court finds Plaintiff established good cause to continue the stay of this action to allow him additional time to obtain possession of his legal materials. Further, the court finds that, because of Defendants' statement of non-opposition, Defendants will not be prejudiced by the continued stay of this action. Further, not all defendants have been served and no defendant has yet filed a response to the operative complaint.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. The June 18, 2026, order to show cause, (ECF No. 48), is DISCHARGED;

2. Plaintiff's June 26, 2026, status report, (ECF No. 50), is CONSTRUED as a motion to continue stay of case;

3. Plaintiff's motion to continue stay of case, (ECF No. 50), is GRANTED;

4. The instant action remains STAYED pending further order of the court;

5. Plaintiff shall promptly notify the court once he is in possession of his legal materials;

6. Within thirty (30) days of the date of service of this order, if Plaintiff has not yet received his legal materials, Plaintiff shall file a status report with the court to apprise the court of the status of his legal materials; and

7. No defendant is required to file a response to the operative complaint until further order by the court.

IT IS SO ORDERED.

Dated:    **July 6, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3